## COATES et al. v. VILLAGE OF NYACK.

(Supreme Court, Appellate Division, Second Department. October 16, 1908.)

APPEAL AND ERROR—REQUIRING REDUCTION—ALLOWANCE FOR CLERICAL ERROR.
    Where a judgment for plaintiffs erroneously included certain items, but otherwise was for too small a sum because of a clerical error in addition, the court, requiring plaintiffs to stipulate a reduction to save a reversal, will make allowance in their favor on account of the clerical error.

Motion by the plaintiff to correct our order of reversal (127 App. Div. 153, 111 N. Y. Supp. 476), and also a clerical error in the original judgment. Motion granted.

Argued before WOODWARD, HOOKER, GAYNOR, RICH, and MILLER, JJ.

GAYNOR, J. The referee found six separate items in favor of the plaintiff, viz., one on each of the six causes of action, as follows: $4,105.97, $1,327.59, $1,208.49, $5,374.15, $1,319.37 and $1,946.30; but in adding them up erroneously made the total $14,535.90, instead of $15,281.87, a difference against the plaintiffs of $745.97. From this erroneous total he deducted the amount which the defendant had paid thereon, $8,907.98, and gave judgment for the balance, $5,627.92, with interest, thus, by a clerical error giving the plaintiff $745.97 too little. The error was not perceived by the plaintiffs until after we had decided the appeal which the defendant took to this court. We deducted from the recovery two items, viz., $60 and $1,946.30, and also all of the interest, which would reduce the recovery to $3,621.62 of principal. But our formal order as entered is that the judgment be reversed unless the plaintiffs consent to reduce the recovery of principal to $1,247. This again was a clerical error; it should be $3,621.62. But as we are requiring the plaintiffs to stipulate a reduction to save a reversal, we will also allow for the clerical error by the

referee of $745.97 against the plaintiffs, which made the original judgment that much too small, and require a reduction to $4,367.59, instead of to $3,621.62. If the plaintiffs be so advised, they may also out of abundance of caution apply to the court at Special Term to have the original judgment corrected by the addition of the said $745.97.

The motion is granted as indicated in the foregoing.

Motion granted, without costs. All concur.